### DEN *ex dem.* LEWIS MASON *against* MARMADUKE SMITH and JACOB FOX.

#### IN EJECTMENT.

M devises as follows: "I give and devise the plantation, whereon I now live, to my son Aaron and his male heirs, lawfully issuing; and for want of such heirs, I give the same to my son Barnt, and his male heirs, lawfully issuing; and for want of such heirs, I give the same to my son John, and his male heirs, lawfully issuing; and for want of such heirs, to return back," &c. On the death of the testator, Aaron entered and died seized without issue. Barnt, the second devisee, then entered and became seized, but died out of possession, leaving three sons and three daughters, of whom Lewis Mason was the eldest. By this devise, Lewis, under the operation of the statute *de donis*, takes an estate tail.

The statute of New Jersey, of 13 June, 1799, abolishing all English statutes, did not abolish estates tail. Per *Ford, Justice.*

FORD, J. John Mason by will dated the 3d of May 1799, but not proved till the 5th of October following, devised as follows: "I give and devise the plantation whereon I now live to my son Aaron Mason and his male heirs, lawfully issuing;—and for want of such heirs, I give the same to my son Barnt Mason and his male heirs, lawfully issuing; and for want of such heirs, I give the same to my son John Mason, and his male heirs, lawfully issuing; and for want

Den *v.* Fox.

of such heirs, to return back," &c. On the death of the testator, Aaron, the first named devisee, entered, and died seized without any issue. Barnt Mason, the second devisee then entered and became seized, but died ultimately out of possession, and this action is brought by Lewis Mason his eldest son.

It is argued that the devise *" to Barnt Mason and his male heirs,"* did not create an *estate tail* under the statute *de donis* 13 *Ed.* 1. because that and all other English statutes had been publicly abolished by law on the 13th June 1799; which date, though after the making of the will, was, nevertheless, *prior* to the death of the testator; and from the ambulatory nature of wills they never take effect till death; at which time, in this case, there was in existence *no law* for upholding this kind of estate; as estates in tail were entirely by force of the statute *de donis.* Now that it is so, there can be no doubt, in England. But it must be remembered that we had a statute of our own passed in 1784. *Pat.* 54, *sec.* 2. That was in existence fifteen years before the abolition of the British statutes, and that remained in force more than twenty years afterward. This statute adopts the *great principle* of the statute *de donis,* and supplies its place, as far as the legislature wished that great principle to remain. Besides acting retrospectively, on estates prior to 1784, it was made to operate *prospectively,* also, by its very words : " on all such devises which shall hereafter be made in tail of any kind ;" thus preserving a future power of making these known estates under the restrictions and limitations in the same act. It is an absurdity that a regulation for *future* estates, should be preserved for twenty years after the abolition, if no such future estates could be created. These estates could be as well made under our own act as under the statute of Edward; they both rested on the same great principle, that the will of the donor should be observed; and in abolishing the English statute there was no intent to abolish the estates

likewise; the principle of them, being very valuable to a certain extent, and to that extent the legislature meant to support them. An entire abolition, leaving them to be estates *on condition* at the common law, would have enabled a devisee, the moment he had issue, to alienate in fee simple, squander the money, and impoverish not himself, only, but a helpless family, that were objects of the provision. To enable parents and others to prevent foreseen prodigality, arising from weakness of intellect, or evil propensities, the legislature, by the act of 1784, intended these estates should be preserved under the regulation therein mentioned. They allowed to the devisee an estate *for life*, but vested the fee simple in the *first heir* who should take *by descent*. This Lewis Mason was the *first heir* taking by *descents*, and therefore, on these facts, is entitled to judgment.

DRAKE, J. I am of opinion that the language used by the testator under the operation of the statute *de donis*, created a contingent remainder in male tail, in Barret Mason, which became vested by the death of Aaron Mason without issue; and Lewis Mason being the second devisee in tail, or the first who hath taken in the line of descent, or of entailment, is according to the case of *Den* v. *Fogg, Pennington's Reports* 819, seized of an estate in fee simple, in the premises.

In opposition to this, the counsel for the defendant says: that before the death of the testator, and before any estate was created by the said will, the Legislature of this state indirectly abolished estates in fee tail, by enacting that no statute of Great Britain should thereafter have any force in New Jersey; and as we have no statute *de donis*, and the act of 1784, and the supplement of 1786, do not create or establish, but merely limit an estate, which existed through the operation of a British statute, no such estate can now exist. I am not aware that this point has been decided in our courts, nor do I conceive it necessary to decide it now. For if this be not an estate tail, it is, according to the

admission of all parties, a conditional fee at the common law, and if so, what is to prevent the plaintiff's recovery? It is answered, that if it be a conditional fee, then upon the birth of issue, the condition was performed, and the estate became absolute, so far as to permit the tenant to alien. This is no doubt true. But did he alien? there is no proof of this. The defendants are found in quiet possession; and, therefore, say their counsel, a conveyance to them is to be presumed. But no such presumption can be legally founded on that fact alone. The result is, that without determining whether this be an estate tail, I consider the plaintiff entitled to judgment.

Judgment for plaintiff.